UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANDREW J. PHILLIPS-ADDIS,

        Plaintiff,               Case No. 1:20-cv-710

v.                                   Honorable Paul L. Maloney

KEN MACEACHERN et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues MDOC Internal Affairs

Officer Ken MacEachern, ECF Resident Unit Manager Michael Haske, ECF Warden Les Parish, ECF Sergeant Unknown Ward, and ECF Corrections Officers Unknown Best and Noah Bottrell.

Plaintiff filed a 28-page handwritten complaint, his sixth civil action filed during the month of July and his eighth in the last year. The allegations are, in many respects, unintelligible. They consist of a mish-mash of conclusions, legal gibberish, and scattered factual averments that entirely overlap the mish-mash of conclusions, legal gibberish, and scattered factual averments that Plaintiff presented in *Phillips-Addis v. Haske et al.*, No. 1:20-cv-686 (W.D. Mich.) (*Phillips-Addis VI*), with one exception. *Phillips-Addis VI* cuts off as of July 22, 2020. The allegations in the instant case extend one day further.

The only information included in the instant case that could not already have been part of *Phillips-Addis VI*—which includes all of the same Defendants—are the following statements relating to events on July 23, 2020:

> So now on 7-23-2020 I receive legal mail for petition due to being legally held from filing such from sentencing court and I file a petition of habeas corpus 28 U.S.C. 2254 do that some's failer due process and kid napping buch move this or that raise.
>
> Sgt. Ward see's my name on legal mail list find's out Kalamazoo District Court's I filed as I said would do case #1:20-cv-00661-RJJ-PJG. He bring's my legal mail which this unit not his housing unit He seen myname on the print out legal mail list open'd it read's it find's his name properly place Defendant and threaten me. This is another action of retaliation which call's be addressed. So I wrote ADW Spencley and now placing a motion of registration judgment to now enforce upon MDOC action need take place.
>
> This not my first time having to enforce judgment's upon this facility and it seem corrected thing's properly as soon an settle ruling order's such thing's. So I have file against MDOC to now enforce a settle proper errors be corrected benefited all further operation's and prevent facility from violation of other inmate's right's. So please note this factor.

(Compl., ECF No. 1, PageID.20 (verbatim).)

Plaintiff seeks a laundry list of orders from this court.

2

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

3

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Duplicative allegations

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious. *See*, *e.g. McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed under the *in forma pauperis* statute as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey*

4

*v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss an *in forma pauperis* civil rights suit by prison inmate where suit was duplicative of facts and allegations made in previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C. 1996) (holding that the district court may dismiss an *in forma pauperis* action where the complaint duplicates the allegations of other pending or previously filed litigation, even where the previously filed actions were filed in different districts); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3 (E.D. Mich. July 31, 2006).[1]

        A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See*, *e.g. Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Considering the substantial similarities between the parties, legal claims, factual allegations, temporal circumstances and relief sought, in the present complaint and the complaint in *Phillips-Addis VI*, the Court concludes that the present complaint, up to and including July 22, 2020, is duplicative. Therefore, pursuant to the Court's inherent power and 28 U.S.C. § 1915(e)(2)(i), the complaint allegations through July 22, 2020, will be dismissed on the grounds that they are duplicative and frivolous.

---

[1] Prior to April 26, 1996, the provisions in § 1915(e)(2) were set forth at 28 U.S.C. § 1915(d). Thus, *Cato*, *Pittman* and *Bailey* were decided under § 1915(d).

**IV.     Claims post-dating *Phillips-Addis VI*—after July 22, 2020**

It is difficult to discern any meaningful claims in the virtually indecipherable paragraphs relating to July 23, 2020. Perhaps Plaintiff attempts to state a claim against Defendant Ward for First Amendment retaliation. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's retaliation claim fails at both the first or second steps. The "protected conduct" that purportedly prompted the retaliatory conduct on Defendant Ward's part was a habeas petition, *Phillips-Addis v. Parish*, No. 1:20-cv-661 (W.D. Mich.) (*Phillips-Addis V*). The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). The right to file grievances or lawsuits is protected only insofar as they are not "frivolous." *Herron*, 203 F.3d at 415; *but see Bell v. Johnson*, 308 F.3d 594, 608 (6th Cir. 2002) (holding that the fact that a suit is dismissed on summary judgment, does not mean the action was frivolous)). "Abusive or manipulative use of a grievance system would not be protected conduct," *King v. Zamiara*, 680 F.3d 686, 699 (6th Cir. 2012), and an

6

"inmate cannot immunize himself from adverse administrative action by prison officials merely by filing a grievance or a lawsuit and then claiming that everything that happens to him is retaliatory," *Spies v. Voinovich*, 48 F. App'x 520, 525 (6th Cir. 2002).  As the Supreme Court held in *Lewis v. Casey*, 518 U.S. 343 (1996), "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions." *Id.* at 353.

In the *Phillips-Addis V* petition, Plaintiff filed the same claims against Ward that Plaintiff filed in *Phillips-Addis VI* and this case.  Whatever merit such claims might have had in the context of a prisoner civil rights case, they were entirely without merit in the context of a habeas petition.  *Phillips-Addis V* (Ord., ECF No. 3, PageID.24) (holding that constitutional challenges to the conditions of Petitioner's confinement were not properly brought by way of a habeas petition).  Because Plaintiff's claims against Ward in *Phillips-Addis V* were frivolous, the filing of the action is not properly considered protected conduct.

But, even if the claims in *Phillips-Addis V* had some merit, Plaintiff's present allegations do not support the inference that Ward's response rose to the level of adverse action.  The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted.  The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence.  *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original).  A specific threat of harm may satisfy the adverse-action requirement if it would deter a person of ordinary firmness from exercising his or her First Amendment rights, *see, e.g., Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results).  However, certain

7

threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations.  *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F. App'x at 542.

Plaintiff's allegation here is that Ward "threaten me."  (Compl., ECF No. 1, PageID.20.)  Could that be adverse action?  While a threat conceivably might be adverse, in the absence of additional facts, such an inference is merely possible.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679.  Therefore, Plaintiff has failed to state a retaliation claim against Defendant Ward.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   August 20, 2020                     /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             United States District Judge

8